**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| TINA FRANKLIN, Individually and on behalf of all persons similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>TSCHETTER SULZER, P.C.<br><br>   Defendant | Case No.<br><br><br>JURY TRIAL REQUESTED |

## CLASS ACTION COMPLAINT

Plaintiff Tina Franklin ("Plaintiff" or "Franklin"), by and through her attorneys, Woodrow & Peluso, LLC and Cadiz Law, LLC, hereby brings this Class Action Complaint ("Complaint") against Defendant Tschetter Sulzer, P.C. ("Defendant" or "Tschetter") seeking a judgment awarding statutory damages to Plaintiff and a class of all others similarly situated for Tschetter's serial violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. Seq*. Specifically, Tschetter uses false representations or deceptive means to collect or attempt to collect debts allegedly owed by Franklin and other tenants by knowingly mischaracterizing the amount of debt owed at the time of filing a Complaint thereby inflating the amount tenants understood they would have to pay to exercise their right to cure to avoid eviction.

Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.      At all times relevant for the purposes of this litigation, Plaintiff, Tina Franklin, was a resident of the City and County of Denver, Colorado. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(3), because she allegedly accrued overdue rent for her primary residence, which is a debt for personal, family, or household purposes.

2.      Defendant Tschetter Sulzer, P.C. is a Colorado Professional Corporation with a principal place of business at 3600 S. Yosemite St., Ste. 828, Denver, CO 80237. Tschetter is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(6). Among other reasons, it "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts", and it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over the Plaintiff's claim because it raises a question under the FDCPA, a federal statute.

4.      Venue is proper in this court as the Defendant's conduct complained of herein was directed at the Plaintiff while she resided in the City and County of Denver, Colorado. Tschetter does business throughout the State of Colorado and is headquartered in this District.

## STATUTORY FRAMEWORK

5.      As an entity that regularly "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," Tschetter is a "debt collector" under the Fair Debt Collections Practices Act ("FDCPA"). 15. U.S.C. § 1692a(6).

6.      As such, Tschetter may not employ false, deceptive, or misleading means or engage

in unfair practices when collecting debt. *Id.* § 1692(e) & (f).

7.     The FDCPA is a strict liability statute, and as such litigants are required only to show that one violation of a provision of the FDCPA occurred to be entitled to summary judgment. *See O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010, 1020 (D. Colo. 1997).

## COMMON FACTUAL ALLEGATIONS

8.     Tschetter advertises itself as "Colorado's Leading Landlord Advocacy Firm", that it is "#1 in Colorado Evictions", and that it has an "intimate understanding of the rental housing industry" and an "efficient approach to the eviction process … to process evictions quickly and effectively". Tschetter "guarantees … eviction cases are collection cases from day one." *See* "Tschetter Website Screenshots," true and accurate copies of which are attached hereto as **Ex. 1;** *see also* https://thslawfirm.com/.

9.     The Firm's practice concentrates on filing eviction lawsuits against thousands of consumer tenants in Colorado each year for the non-payment of rent allegedly due. Tschetter seeks judgments for possession and/or money, commonly referred to as "eviction-collection lawsuits", "eviction-collection cases", or "eviction-collection litigation" on behalf of its residential landlord and property manager clients.

10.    Tschetter routinely uses instrumentalities of interstate commerce and the mails to pursue this eviction-collection litigation.

11.    Tschetter includes the following language at the bottom of complaints in eviction-collection lawsuits the Firm files against consumer tenants: "This is a communication from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose."

12.    Upon information and belief, Tschetter charges most of its landlord clients a

standard, flat fee of approximately $283.00 ("Eviction Legal Fee") to file and serve an eviction-collection lawsuit that includes "the preparation, filing, and serving of the Summons and Complaint; the attorney's time for the initial return date, and post judgment (Writ of Restitution) paperwork", but does not include further advocacy in the event a consumer tenant files a responsive pleading. In such instances, the Firm bills its landlord clients at its hourly rate in addition to its Eviction Legal Fee to provide further legal representation. *See* **Ex. 2**, 2-3 – Eviction Procedures.

13.     Plaintiff's **Exhibit 2** is a true and accurate copy of Tschetter's "Eviction Procedures."

14.     Upon information and belief, Tschetter is aware that its clients mark-up the Firm's Eviction Legal Fee of $283.00 before passing it on to consumer tenants, often for the marked-up amount of $308.00. *See* **Ex. 3** – Franklin Ledger (Feb. 25, 2022…Legal Fees.)

15.     Upon information and belief, Tschetter is aware that its clients routinely bill consumer tenants for the marked-up Eviction Legal Fee before Tschetter has filed an eviction-collection case against the consumer tenant and/or before Tschetter has obtained a money judgment against the consumer tenant that includes an award of attorney fees and costs or otherwise prevailed in litigation against the consumer tenant.

16.     Upon information and belief, Tschetter is aware that its clients characterize the Firm's marked-up Eviction Legal Fee in a manner that leads consumer tenants to believe the assessment is a dollar-for-dollar pass through of legal fees and costs charged by the Firm for filing an eviction-collection case against the consumer tenant. For example, the Eviction Legal Fee is labeled "Charge – Legal Fees…$308.00" on the Plaintiff's ledger. *See Id*.

17.     Upon information and belief, Tschetter is aware that its clients pass through billing of the marked-up Eviction Legal Fee that creates the misunderstanding with consumer tenants that

they are liable for the entirety of the Fee before their landlord has prevailed against them in a court of law.

18.     Upon information and belief, Tschetter routinely reviews and advises its residential landlord clients in the drafting of their form residential lease terms and their standard "Demand for Rent or Possession" required under Colorado law to initiate the eviction process for the nonpayment of rent.

19.     Upon information and belief, Tschetter recommends that its landlord clients use the form "Demand for Rent or Possession" prepared by the Firm.

20.     Upon information and belief, the vast majority of Tschetter's landlord clients use the Firm's standard "Demand for Rent or Possession" template form, as revised by the Firm from time to time.

21.     Tschetter's "Demand for Rent or Possession" template form provides a blank for its landlord clients to insert amounts due for late fees, attorney fees, and court costs due that a tenant must pay in full to avoid eviction. *See* **Ex. 4** – Tschetter's Demand for Rent or Possession Form.

22.     Upon information and belief, Tschetter is aware that Colo. Rev. Stat. 38-12-105(1)(e) does not allow a tenant to be evicted for failure to pay one or more late fees.

23.     Upon information and belief, Tschetter is aware that Colo. Rev. Stat. 38-12-105(7) does not allow a landlord to classify a late fee as rent for the purposes of Colo. Rev. Stat. 13-40-104(1)(d), the Colorado statute that provides Colorado renters with the right to pay rent and rent alone for up to ten days after being notified of their late status so as to avoid the escalation of the eviction process.

24.     Upon information and belief, Tschetter is aware that Colo. Rev. Stat. 38-12-

801(3)(b) disallows fee-shifting clauses in a lease that award attorney fees and court costs to a party unless the clause is two-way and triggered *after* a party prevails in a court dispute.

25.     Upon information and belief, Tschetter is aware that Colo. Rev. Stat. 13-40-115(4) requires a landlord to accept payment in full of all *lawful* amounts owed at any time prior to a judge issuing judgment for possession in an eviction case for non-payment.

26.     Upon information and belief, Tschetter, with the knowledge described *supra*, seeks to collect the marked-up, mischaracterized Eviction Legal Fee and Late Fees from consumer tenants as a matter of standard practice in eviction-collection litigation by including the Eviction Legal Fee and Late Fees in the amount stated as owed in the complaints it files in eviction-collection litigation and/or the form Demand for Rent or Possession it files as exhibits thereto. Despite this, Tschetter's Form Complaint also requests an award of its reasonable attorneys' fees and costs for its landlord clientele. *See* **Ex. 5**, ¶¶ 4, 5.

27.     Tschetter uses its standardized, form Complaint and completed, form Demand for Rent or Possession in thousands of eviction-collection lawsuits it files annually against consumer tenants in Colorado.

28.     Tschetter's form Complaint pleads numerous grounds upon which to allege an unlawful detainer has occurred in the alternative and is virtually always signed as filed by the Firm's senior managing partner to the tune of thousands of eviction collection cases per year, so that it need not be customized based on the facts at issue in a particular eviction case and to otherwise facilitate Tschetter's bulk discount, collections business model.

29.     The below is a true and accurate copy of a portion of Tschetter's form Complaint:

UNLAWFUL DETAINER

2.   The premises are located in Denver County, Colorado.  The Defendant(s) entered into a lease or contract with Plaintiff and/or occupy the premises.  The Defendant(s) has/have defaulted on the lease or contract by failing to pay rent or amounts required under the terms of the lease or contract and/or by failing to comply with terms, conditions, and/or covenants of the lease or contract and/or the Defendant(s) no longer have any rights to occupy the premises.  The Defendant(s) was/were served with all legal  notice(s) and/or demand(s) concerning their occupancy of the premises.  A copy of the notice(s) and/or demand(s) with fully executed Return of Service) is attached and incorporated by reference.  Despite Plaintiff's Demands and/or Notices, Defendant(s) has/have refused to pay amounts owing and/or comply with lease or contract and/or cure their defaults and noncompliance with the lease or contract and/or vacate the premises, and continue to wrongfully hold possession of the premises in violation of the lease or contract and/or the law, and without the consent and permission of Plaintiff(s).

MONEY CLAIM

3.   Defendant(s) entered into a lease or contract with Plaintiff.  Defendant(s) have breached the lease by failing to make payments pursuant to the lease or contract with Plaintiff, and Plaintiff has suffered damages.  And/or Plaintiff provided the use of rental property to the Defendant(s) with the reasonable expectation the Defendant(s) would pay the reasonable rental value.  Defendant(s) accepted the use of the rental property expecting to pay for the use or reasonably should have known that Plaintiff expected to be paid the reasonable market value for the use of the rental property, and Plaintiff has suffered recoverable damages under the theories of quantum meruit, express contract, implied contract, unjust enrichment, statutory or agreed interest, and/or Defendant, as tenant, has failed to maintain premises and is liable for damages to the property pursuant to C.R.S. § 38-12-501 et seq and/or the lease.

*See* **Ex. 5**.

30.     Tschetter's form Complaint misleads consumer tenants as the allegations and collection litigation initiated against them by pleading a near exhaustive list of the bases for an unlawful detainer and money judgment claim in the alternative and are likely to lead a reasonable consumer tenant to be unclear as to the nature, amount, and basis of the collection litigation and any purported debt.

31.     Other than variations based on the identities of the landlord, consumer tenant, dates, and location of the rental property, Plaintiff's **Exhibit 5** is a true and accurate example of Tschetter's form "Complaint Unlawful Detainer and Money Claim."

32.     Plaintiff's **Exhibit 4** is a true and accurate copy of Tschetter's standard "Demand for Rent or Possession" dated February 7, 2022 and marked as revised January 6, 2022.

33.     Upon information and belief, Tschetter maintains a policy and practice of only requiring its landlord clients to fax or email the Firm a copy of the statutory demand for rent or

possession required by Colo. Rev. Stat. 13-40-104(1)(d) along with the Firm's fax cover sheet - without reviewing or discussing the documents and facts pertinent to an individual consumer tenant - in order to file an eviction-collection lawsuit against a consumer tenant. *See* **Ex. 2** ("The following procedures apply after you send us your rent demand. If you are faxing the demand, please include the cover sheet with instructions, or include your instructions in your email if emailing.").

34.     Through its Form Complaint, the pleadings in eviction-collection lawsuits and other correspondence sent by Tschetter to consumer tenants because of past-due rent allegedly owed on the recipient's primary residence, Tschetter attempted to collect debts or purported debts from the Plaintiff using the mails or other means of interstate commerce.

35.     Tschetter's business model and standard practices in pursuing collection litigation - including utilizing its unfair, unconscionable, and deceptive form Complaint and pursuing the collection of its marked-up and mischaracterized Eviction Legal Fee and Late Fees from consumer tenants are directly damaging to the Plaintiff and prospective class because, for one, they mislead tenants as to the amount they must pay in order to avoid eviction and stay housed.

36.     Tschetter attempted to collect debts or purported debts from the Plaintiff using the mails or other means of interstate commerce.

## FACTS SPECIFIC TO PLAINTIFF FRANKLIN

37.     Ms. Tina Franklin leased an apartment in 2021 at the Mint Urban Infinity Apartment complex from Glendale Properties I, LLC in Denver, Colorado, where she resided until May 12, 2022.

38.     According to the terms of the lease, Ms. Franklin was responsible for monthly rent in the amount of $1,181.00, in addition to utilities. *See* **Ex. 6** – Franklin Lease. Her landlord also

billed Ms. Franklin $30.00 monthly for parking, and $15.00 per month for storage space for most of her tenancy. *See* **Ex. 3**.

39.     Glendale Properties I, LLC's monthly charges were posted on the first of each month and Ms. Franklin routinely paid her full amount of monthly rent and utilities by the sixth of each month, often paying more than the total balance owed. *Id*.

40.     Glendale Properties I, LLC posted Ms. Franklin's February charges on February 1, 2022, for a total due balance of $1,306.35. *Id.*

41.     Ms. Franklin paid $1,000.00 on February 3, 2022, leaving a balance of $306.35.

42.     Glendale Properties I, LLC issued a Demand for Rent or Possession on February 7, 2022 giving her ten days (until February 17, 2022) to pay or surrender possession of her home. In addition to the balance of 306.35 for rent, the Demand alleged Ms. Franklin would have to pay $50.00 in late fees effective February 11, 2022 and attorney fees of $308.00 upon the filing of an eviction to avoid eviction. **Ex. 4**.

43.     Ms. Franklin was subsequently charged late fees in the amount of $50.00 on February 11th. **Ex. 3**.

44.     Ms. Franklin paid $365.35 to Glendale Properties I, LLC on February 24, 2022, the entire remaining balance due from rent, utilities, other property fees, and late fees.

45.     In spite of this payment, Tschetter filed an eviction collection lawsuit against Ms. Franklin on behalf of her landlord, Glendale Properties I, LLC, on February 25, 2022 asserting claims for both unlawful detainer and a money claim for alleged past due rent and other amounts alleged due, including the Eviction Legal Fee, and an award of attorney's fees and costs from the Denver County Court in case number 22C52541. *See* **Ex. 5**.

46.     In its Complaint in Unlawful Detainer ("Complaint"), Tschetter asserted the

amount due as of the date of the complaint was $664.35. The $664.35 Tschetter asserted as due was comprised of past due rent in the amount of $306.35, the $50.00 late fee, and the $308.00 as a marked-up pass through of Tschetter's attorney fees. In seeking this amount and incorporating the February 7, 2022 Demand as an exhibit to the Complaint, Tschetter incorporated and communicated the assertion of Glendale Properties I, LLC that Ms. Franklin owed late fees and attorney fees as of the date the Complaint was filed and that those fees were required to be paid in order to cure the payment default to avoid eviction.

47.     By including the marked-up pass through of attorney fees in the Complaint, Tschetter sought collection of these fees in the form of a debt owed by Ms. Franklin, rather than by filing a motion for attorney fees following judgment being entered. Upon information and belief, Tschetter reserves the right and separately seeks an award of attorney fees in eviction collection matters when their landlord clients are the prevailing party in litigation.

48.     The eviction collection case Tschetter filed against Ms. Franklin was scheduled for an initial return date with the Denver County Court on March 11, 2022.

49.     Upon information and belief, the Firm affixes the signature of its senior managing partner, Mark Tschetter, to each and every eviction collection lawsuit it files, including the case against Ms. Franklin, through either its automated processes or its standard procedures carried out by its non-attorney staff.

50.     Upon information and belief, Mr. Tschetter had no meaningful involvement in the preparation and filing of the eviction collection case against Ms. Franklin.

51.     The amount sought by Tschetter in the eviction collection lawsuit filed against Ms. Franklin in case number 22C52541 included-and thereby communicated as owed to avoid eviction-the $308.00 assessment for the marked-up Eviction Legal Fee assessed prior to the case

having been filed filing or having been heard, thereby improperly bypassing any ruling of the court on the reasonableness of the fees as required by Colo. Rev. Stat. 38-12-801(3)(b).

52.     The amount sought by Tschetter in the eviction collection lawsuit also improperly included-thereby communicating as owed to avoid eviction-the $50.00 late fee charge despite Colo. Rev. Stat. 38-12-105(1)(e) proscription against evicting a tenant for the nonpayment of a late fee.

53.     Tschetter's improper assertion that the Eviction Legal Fee and late fee were owed in the eviction collection litigation gave Ms. Franklin the false impression that those sums were owed and included in what she had to pay to avoid eviction.

54.     Upon information and belief, Ms. Franklin received the pleadings in the mail, including **Exhibit 5**, on or around February 28, 2022.

55.     Upon information and belief, Tschetter dismissed the eviction against Ms. Franklin in March of 2022

56.     On or about March 1, 2022, Glendale Properties I, LLC credited Ms. Franklin's account for $308.00, marked as "Crediting back Legal Fees." *See* **Ex. 3**.

57.     Ms. Franklin vacated her home and returned her keys to Glendale Properties I, LLC on March 17, 2022.

58.     Defendant's actions caused Ms. Franklin mental distress and anguish.

**CLASS ACTION ALLEGATIONS**

59.     Franklin brings this action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class:

**Class Definition**: All present and former Tenants: (1) of residential rental properties located in Colorado, (2) whose landlords or property managers engaged

Tschetter to facilitate allegedly overdue rent collection through the initiation of eviction collection lawsuits, (3) where the Complaint in the eviction collection lawsuit included the marked-up Eviction Legal Fee, other attorney fees, or late fees in addition to any other amounts alleged due.

60.     Plaintiff anticipates the need to amend the Class Definition following appropriate discovery regarding the size and contours of the alleged class.

61.     Numerosity: On information and belief, the number of individuals in the class exceeds 100 persons. Class membership may be ascertained through reference to objective criteria that includes Tschetter's business and eviction records, namely complaints and demands issued to consumer tenants.

62.     Commonality and Predominance: There are questions of law and fact common to the class that will drive the litigation, including:

a.     Whether Defendant is a debt collector under the FDCPA;

b.     Whether Defendant made false representations about the character, amount, or legal status of any debt, particularly late fees, the Eviction Legal Fee and attorney fees and costs;

c.     Whether Defendant used false, deceptive, or misleading representations in connection with collection of a debt through its incorporation of the late fees, Eviction Legal Fee, and attorney fees and costs in its Complaint;

d.     Whether Defendant used unfair or unconscionable means to collect or attempt to collect a debt through its use of its inclusion of late fees, the Eviction Legal Fee and attorney fees and costs in the Complaint;

e.     Whether Defendant used unfair or unconscionable means to collect or

attempt to collect a debt through its standard policies and practices, and form Complaint, in initiating eviction collection lawsuits; and

       f.      Such other common questions to be revealed through discovery and trial.

63.     The claims of the named Plaintiff are typical of the claims of the class because she has the same interests—if Defendant's request for amounts including late fees and attorney fees prior to a valid Court order to avoid eviction violated the FDCPA with respect to Plaintiff then it violated the FDCPA with respect to the other members of the class.

64.     Plaintiff and her counsel will fairly and adequately represent the interests of the class. Plaintiff will vigorously pursue these claims. There are no known conflicts of interest between Plaintiff and members of the class, and Plaintiff is represented by attorneys who are experienced in consumer class actions, including class actions alleging violations of consumer statutes and landlord tenant matters.

65.     Questions of law and fact common to class members predominate over any questions affecting only individuals. A class action is superior and manageable. To Plaintiff's knowledge, there is current litigation of individual claims under separate provisions of the FDCPA pending against Defendant in this forum. Individual recoveries are too low to incentivize such litigation. A class action therefore will allow the claims to be efficiently adjudicated in a single forum promoting uniformity of judgments and judicial economy.

### FIRST CAUSE OF ACTION
**Violation of the FDCPA on behalf of the Class against
Defendant Tschetter**

66.     All preceding paragraphs are realleged and incorporated by reference as if set forth fully herein.

67.     At all times relevant to this action, Tschetter was a debt collector within the

meaning of the FDCPA, 15 U.S.C. § 1692(a)(6). It engaged in a business through which it regularly collected and attempted to collect debts using the instrumentalities of interstate commerce, and its principal purpose was to collect debts, owed or due to another which were already in default.

68.     Tina Franklin and all class members are consumers within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(3), because the alleged overdue rent and other amounts were debts incurred for personal, family, or household purposes.

69.     Tschetter's practice of including late fees and attorney fees in the eviction collection Complaints as described above was deceptive in violation of the FDCPA, 15 U.S.C. § 1692(e), (e)(2)(A) and (B), (3), (5), and (10).

70.     Tschetter's practice of including late fees and attorney fees in the eviction collection Complaints as described above was unfair and/or unconscionable for the purposes of the FDCPA, 15 U.S.C. § 1692(f), and (f)(1).

71.     Defendant's noncompliance with the FDCPA was intentional within the meaning of 15 U.S.C. § 1692k, as Defendant intended to and did in fact draft, send, and file the defective, unfair, and unconscionable Complaint and presented it to Plaintiff and the class members knowing that it was deceptive because, among other things, it (1) adopted and sought judgement on unlawful and void one-way fee shifting provisions of lease agreements contrary to Colo. Rev. Stat. 38-12-801(3)(b) and late fees contrary to Colo. Rev. Stat. 38-12-105(1)(e); and (2) mislead tenants into believing they owed attorney fees to landlords upon the filing of an eviction rather than to the prevailing party at the end of litigation, and late fees, in order to avoid eviction, upon information and belief, causing some tenants to pay such attorney fees before judgment was obtained and/or late fees to avoid eviction and/or causing tenants who were unable to pay such impermissible charges in addition to rent in order to cure to lose possession of their homes.

72.     Defendant violated the FDCPA, 15 U.S.C. § 1692d, §1692(e), (e)(2)(A) and (B), (3), (5), (9), and (10), and 1692(f), (f)(1), causing actual injuries to Plaintiff, as well as the entire class, thus making Tschetter liable to them in damages. These damages include, but are not limited to, statutory damages, increased stress and mental anguish, increased confusion, housing insecurity, and loss of validation and dispute rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request that this Court enter an Order of judgment:

73.     Certifying the plaintiff class pursuant to F.R.C.P. 23(a) and (b)(3), appointing Plaintiff as the Class Representative and her lawyers as Class Counsel;

74.     Granting an award of damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k, including statutory damages in the amount of $1,000 per named plaintiff; the lesser of $500,000 or 1% of the net worth of the Defendant; the costs of the action; and reasonable attorneys' fees; and

75.     Awarding such other and further relief as this Court deems necessary, adequate and just.

Respectfully submitted this 6th day of August 2022,

By:   /s/ Steven L. Woodrow
One of her attorneys
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210

By: /s/ Jason Legg
Jason Legg (#42946)
CADIZ LAW, LLC
501 S. Cherry St., Ste. 1100
Denver, CO 80246
jason@cadizlawfirm.com

*Counsel for Plaintiff*