# DENVER DEMAND FOR RENT OR POSSESSION

To **Ronald Franklin**, and any and all other occupants of the premises described below. You occupy the Premises which are known as (Street Address).

**1225 S. Bellaire St.** Apartment #: **211** Detached Garage #: _____

in the City of **Denver** Zip Code of **80246** County of Denver, State of Colorado, as tenant(s). You are hereby notified that the undersigned Landlord of the Premises, or Agent for Landlord, demands **that you shall within Ten Days after this demand is served upon you,** *either pay to the undersigned* the total due at the time you pay (listed below) plus any additional *LATE FEES DUE and **ATTORNEYS' FEES DUE OR *move out and surrender possession of the premises.*

(1) The base monthly rent for the premises is: $ **1,181.00**

**Current Itemization:**

(A) Total Base Rent Due Now: $ **584.61**

(B) Other Fees/Charges (Describe) **Utilties** _____ $ _____

*Note: Current month's late fees go at Line D1

(C) **TOTAL DUE AS OF THE DATE OF THIS DEMAND** $ **584.61** (A+B)

(D) *LATE FEES DUE: Per your lease, a late fee in the amount of $ **50.00** (D1) is owed as of the **11** (D2) day of the month.

(E) **ATTORNEYS' FEES DUE: Per the terms of your lease, attorneys' fees and court costs in the amount of $ **308.00** are owed as of the date the Landlord files an eviction lawsuit with the court.

(F) *Total Due if paid on/after LATE FEES incurred as set forth above $ **634.61** (C+D1)

(G) **Total Due if paid after Attorneys' Fees & Court Costs are incurred as set forth above $ **942.61** (E+F)

**YOUR LEASE MAY REQUIRE THAT THIS PAYMENT BE MADE IN CERTIFIED FUNDS**

The demand is made pursuant to § 13-40-104(1)(d), C.R.S., as a result of your breach of the above described covenants and conditions of the Lease. You are further advised that the Landlord does not elect to terminate the Lease. This demand is without prejudice to the Landlord's rights and privileges under the Lease, and under the laws of the state of Colorado, none of which are waived by virtue of this demand.

_[signature]_ _____ _1/10/22_
Landlord / Agent for Landlord | Date Prepared and Signed

**Mint Urban Infinity**
Apartment Community Name

## DENVER RETURN OF SERVICE:

I declare I served the foregoing Demand for Rent or Possession and a copy of the "Denver Tenant Rights & Resources" on the above listed Tenant(s) at the above listed address.

**THIS WAS SERVED ON** (DATE SERVED) _1/10/22_.

☐ By handing it to a person identified to me as _____ (Tenant's Full Name)

☑ I have made diligent efforts to personally serve this Demand and the "Denver Tenant Rights & Resources"; I have made service of the foregoing by posting a copy of it in a conspicuous place upon the premises described therein.

Sign Name _[signature]_

COURTESY OF TSCHETTER SULZER P.C.
Fax completed form to 303.766.1181 or 303.766.1819 or Colorado Springs 719.227.1181
Rev 1/6/22

LEGALLY REQUIRED NOTICE

# Denver Tenant Rights & Resources

**This notice must be provided by the owner or operator of residential rental property to the tenant both when the lease is signed and if rent demand is served.**

Owners and operators of residential rental property (also known as "landlords") may not allow any person to initiate a new occupancy of a rental property for more than 30 days unless and until the tenant has been provided a copy of an executed written lease,[1] signed by both the landlord and tenant. The landlord must provide the tenant an electronic copy of the signed lease, or paper copy if requested by the tenant, within seven days from the tenant signing the lease.[2]

When providing a copy of the executed written lease and at any time the landlord makes any rent demand pursuant to Colorado Revised Statutes ("C.R.S.") § 13-40-104, the landlord must provide the most current version of this tenant rights and resources notice, which can be found on the Department of Excise and Licenses' Residential Rental Property webpage at **denvergov.org/residentialrentals**.

This notice summarizes some of the rights and obligations of residential landlords and tenants in Denver, Colorado. This notice does not represent a complete analysis of landlord-tenant law, does not constitute legal advice, and the information in this notice can change at any time. Please check the website listed above for the most current version of this notice and refer to the Free Eviction Legal Services section on Page 2 to see if you are eligible for free legal services. This notice merely serves as a general rights and resources guide, and though it outlines those principles generally, it does not cover every law or exception that may apply in a particular situation.



[1] D.R.M.C. § 27-201(a)
[2] C.R.S § 38-12-801

# Colorado State Laws on Tenant Rights

This is a summary of Colorado laws on tenant rights, but this summary does not include all tenant rights. Many of these rights have some restrictions and conditions. Any tenant who is at risk of being evicted should contact and retain a lawyer as soon as they can. (See the Free Eviction Legal Services on Page 2 to see if you qualify for free legal services.)

## Leases and Rent[3]

- Landlords are prevented from raising rent more than one time per year.
- A tenant without a written lease must be given 60 days' written notice before the rent can be raised.
- Tenants can recover the higher of $5,000 or three times the rent in damages in addition to any actual damages suffered if they are illegally locked out or wrongfully evicted by their landlord.
- Leases cannot contain clauses that award attorney fees only to a landlord should they prevail in court. Attorney fees, if included as a term in the lease, must be awarded to the prevailing (winning) party, even if it is the tenant.

## Late Fees[4]

- Landlords cannot charge a late fee until payment is at least seven days late.
- No late fee can be greater than $50 per month or 5% of monthly rent, whichever is more.
- Tenants cannot be evicted solely for not paying a late fee.
- If a landlord has violated the law concerning late fees, a tenant can raise that as a defense to an eviction in court.
- Landlords that violate late fee limits can receive a penalty of $150 to $1,000 for each violation, payable to the tenant.

## Security Deposits - Wrongful Withholding[5]

A landlord must return a tenant's full security deposit within 60 days from when the lease ends. The security deposit can't be held for normal wear and tear. If a landlord believes there are justified reasons for to keep the security deposit, the landlord must put them in writing. If the landlord doesn't provide written documentation, they forfeit their right to keep the security deposit.

## Obligation to Maintain Residential Premises (Warranty of Habitability)[6]

The tenant's rental property must be fit for human habitation and in compliance with all applicable building, housing, and health codes. Residential rental properties must include:

- Working appliances;
- Waterproofing and weather protection of roof and exterior walls, including unbroken windows and doors;
- Functioning plumbing, heating, lighting, and gas facilities;
- Running water and reasonable amounts of hot water at all times supplied to appropriate fixtures and connected to a sewage disposal system;
- Common areas that are clean and sanitary;
- Appropriate extermination of rodents or vermin;
- Adequate number of exterior receptacles for garbage;
- Floors, stairways, and railings in good repair; and
- Locks on all exterior doors and locks or security devices on windows designed to be opened.

Not providing any of these items is considered a condition that interferes with life, health, and safety of the tenant, and is not allowed under Colorado law.

## Bed Bugs in Residential Premises[7]

Landlords cannot rent properties known or reasonably suspected to have bedbug infestations. Upon a tenant's request, landlords must disclose to potential tenants if the unit had bedbugs within the last eight months, as well as the last date the unit was inspected and confirmed to be bedbug free.

If bedbugs are found, a tenants must notify the landlord in writing and keep proof that the notice was provided to the landlord. The landlord then must have the unit inspected by a qualified inspector within four days (96 hours) of the tenant's notice. If bedbugs are present, the landlord must inspect all neighboring units.

If the landlord has a unit inspected, they must provide written notice to the tenant 48 hours before the inspection, and provide the results to the tenant within two days after the inspection. The tenant cannot deny access to the unit if proper written notice is provided. Tenants who do not comply with bedbug inspection and treatment protocols are liable for costs of bedbug treatments of their unit and any neighboring units. Otherwise, the landlord is responsible for all costs associated with an inspection and treatment of bedbugs. Landlords are not required to pay for lodging costs while bedbug treatments are made or to pay for or replace personal property of a tenant.

## Colorado Antidiscrimination Act[8]

Landlords cannot refuse to show rental units to prospective tenants, deny access to rental units, or deny a lease based on race, creed, color, sex, sexual orientation, gender identity, gender expression, marital status, disability status, national origin, ancestry, familial status, or sources of income. Any discriminatory housing practice violations must be filed within one year of the infraction at ccrd.colorado.gov/complaint-process.

Prospective tenants cannot be discriminated against because of a disability of anyone who may reside in the unit. Discrimination includes:

- Refusing to provide reasonable accommodations by modifying the property to be occupied by the tenant;
- Refusing to make reasonable accommodations to ensure the tenant has equal access to use and enjoy the property;
- Not having at least one entrance that is accessible, including doorways designed to allow passage throughout the property.

---

**DENVER ANTI-DISCRIMINATION ORDINANCE**

Denver's Anti-Discrimination Ordinance prohibits discrimination in housing that is based on several factors, including race, color, religion, national origin, ethnicity, citizenship, immigration status, gender, age, sexual orientation, gender identity, gender expression, marital status, military status, disability, protective hairstyle, and source of income. The ordinance prohibits discrimination of prospective renters based on their source of income (i.e., landlords or property managers cannot refuse to consider any lawful source of income, including housing choice vouchers, in the same manner as ordinary wage income in connection with an application for rental housing). The Denver Anti-Discrimination Office (DADO) protects against discriminatory acts under this ordinance. Information about DADO can be found at: https://www.denvergov.org/Government/Agencies-Departments-Offices/Human-Rights-Community-Partnerships/Divisions-Offices/Anti-Discrimination-Office.

---

[3] C.R.S. §§ 38-12-501, et seq.; 38-12-701 et seq.; and 38-12-801 et seq.
[4] C.R.S. § 38-12-105
[5] C.R.S. § 38-12-101 et seq.
[6] C.R.S. § 38-12-501 et seq.
[7] C.R.S. § 38-12-1001 et seq.
[8] C.R.S. § 24-34-501 et seq.

## STEP 1 Notice Provided to Tenant

If the tenant has not paid rent or violates the terms of the lease, the landlord must give the tenant a signed "Demand for Compliance or Right to Possession." This notice is also commonly called a "10-day demand" because it allows 10 days for the tenant to resolve the problem before the landlord can file eviction paperwork with the court. The demand must clearly state the amount of rent owed or the violation of the lease to start the eviction process. The tenant can pay the rent if rent is owed, correct the violation, move out, or dispute the eviction before a judge in court.

If the tenant violates a lease multiple times and a 10-day demand was previously given, or there are more serious violations, the landlord can post or deliver a "Notice to Quit," which does not give the tenant an opportunity to correct the violation. Instead, the tenant must leave in the allowed timeframe as defined on the Notice to Quit (between one and 91 days) or dispute the eviction before a judge in court.

## STEP 2 The Complaint is Filed and Served

If the tenant doesn't resolve the lease violation and/or pay the rent owed during the 10-day period, the landlord may file the paperwork with the court to continue the eviction process. These forms are known as the Summons and Complaint. Within one business day after filing, the landlord must provide a copy of the Summons and Complaint, including all exhibits, to the tenant.

## STEP 3 Court Hearing on Eviction

The court clerk will schedule an initial hearing for a date that is seven to 14 days after the initial filing, but the tenant must have received the Summons and Complaint at least seven days before the hearing.

**IF THE TENANT DOES NOT COME TO COURT FOR THE INITIAL HEARING** and does not file a timely Answer to the court, the court may automatically grant default judgment in favor of the landlord. This will result in a writ of restitution being issued and you can be removed from your rental property.

**IF THE TENANTS DOES APPEAR IN COURT AND FILES A TIMELY ANSWER,** there are several options:

1. Tenants can file their Answer in court at any time on or before the day the Answer is due. Then the Court must set the trial at least seven days (and no more than 10 days) after the Answer is filed.
2. The tenant can agree to voluntarily vacate the property, or the tenant and landlord can agree to certain terms that allow for the tenant to stay in the unit. If such an agreement is reached, it should be put in writing in the form of a "Stipulation for Forcible Entry and Detainer (FED)/Eviction" (JDF 102) and filed with the court. The court can also suggest mediation for the parties to resolve any lease issues.
3. Tenants can pay the landlord the rent they owe and stop the eviction up to the time that the judge issues a judgment. To benefit from this right, the tenant must pay all the rent they owe before the judge issues a judgment.
4. If the tenant and landlord can't reach an agreement, the case can go to trial. At trial, both parties will have an opportunity to present evidence to support their claims.

## STEP 4 Writ of Restitution Issued

If a writ of restitution is issued, it means the court has ruled in favor of the landlord and the tenant is required to leave the property. The writ of restitution is the order from the court to the Sheriff which requires a sheriff's deputy remove the tenant from the property. The court shall not issue the writ until 48 hours after entry of judgment.

## STEP 5 Possession of Property is Returned

The sheriff's deputy shall not execute upon the writ of restitution until at least 10 days after entry of the judgment. It is the landlord's responsibility to schedule a time for the eviction with the sheriff's department, but it cannot occur earlier than 10 days from when the judgment is issued.



DENVER
THE MILE HIGH CITY