IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   1:22-cv-01963-GPG-STV

**TINA FRANKLIN**, individually and on behalf of all others similarly situated,

   Plaintiff,

v.

**TSCHETTER SULZER, P.C.**, a Colorado professional corporation,

   Defendant.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Parties, through counsel, met and conferred on December 5, 2022, February 22, 2024, March 12, 2024, and March 14, 2024, and discussed all of the items herein. The attendees were:

<u>For Plaintiff, Tina Franklin, and the alleged class</u>: Jason Legg, Cadiz Law, LLC, 501 S. Cherry St., Suite 1100, Denver CO 80234, 720-767-2036, jason@cadizlawfirm.com, and Steven Woodrow, Woodrow & Peluso, LLC, 3900 East Mexico Ave., Ste. 300, Denver, CO 80210, 720.213.0675, swoodrow@woodrowpeluso.com.

<u>For Defendant, Tschetter Sulzer, P.C.</u>: Tamara A. Seelman, Rose Zetzman, and John Palmeri Gordon & Rees LLP-Denver, 555 17th Street, Suite 3400, Denver, CO 80202, 303-534-5160, tseelman@grsm.com, rzetzman@grsm.com, and jpalmeri@grsm.com..

## 2. STATEMENT OF JURISDICTION

Plaintiff's Position:  The Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 et seq. because Plaintiff's claim seeks relief in accordance with the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

Defendant's Position:  Defendant acknowledges the Court's ruling (Dkt. #48) finding it has subject matter jurisdiction. Defendant reserves and does not waive its right to argue on appeal, if any, that the court lacks subject matter jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

This is an alleged class action challenging Defendant's unlawful collection of late fees and eviction legal fees, as violating the FDCPA. Defendant is considered one of Colorado's premiere eviction law firms, files thousands of forcible entry and detainer actions every year and describes its business model as one that "guarantees… eviction cases are collection cases from day one."

Defendant routinely violates the FDCPA, however, by adding unlawful amounts to its statutory demands and eviction complaints. Specifically, Defendant seeks late fees and (inflated and mischaracterized) legal fees, neither of which are allowed under Colorado law. The eviction complaints are also confusing. To the extent Defendant raises defenses, they are common among the alleged Class Members and implicate genuine issues of (common) material fact for trial.

b. Defendant:

Plaintiff's claim arises out of an eviction proceeding commenced by Defendant on behalf of its client, Plaintiff's landlord. Plaintiff alleges Defendant violated the FDCPA because it (1) adopted and sought judgment on a one-way attorney fee provision contrary to C.R.S. § 38-12-801(3)(b)[1] and late fees contrary to C.R.S. § 38-12-105(1)(e); (2) represented that the amount of the attorney fee reflected the amount of attorney fees actually incurred and that the character of the attorney fee charge was for legal services provided by an attorney; and (3) mislead tenants into believing they owed attorney fees to landlords upon the filing of an eviction rather than to the prevailing party at the end of litigation, and late fees plus interest, in order to avoid eviction.

Defendant denies it engaged in any conduct in violation of the FDCPA.

Plaintiff's Complaint does not distinguish between violations of the FDCPA and statute statutes as separate claims. A violation of a state statute cannot be the basis for a violation of the FDCPA.

Plaintiff's lease is not subject to C.R.S. § 38-12-801(3)(b) because it was signed *before* the law became effective. Notwithstanding this, contrary to Plaintiff's allegations, Plaintiff's lease *does* contain a prevailing party attorney's fee provision and thus complies with C.R.S. § 38-12-801(3)(b).

At the time Plaintiff's eviction proceeding was filed, there was no Colorado law that prohibited a landlord from seeking payment of attorney fees and late fees after an eviction complaint was filed in order to stop the eviction as long as those fees were

---

[1] This provision was amended effective August 7, 2023 and is now C.R.S. § 38-12-801(3)(a)(II). Plaintiff's Complaint, however, cites to C.R.S. § 38-12-801(3)(b).

disclosed in the notice sent to tenants before an eviction could be filed – if a tenant disputed those fees, the tenant could file an answer challenging the fees or raise the concern with the Judge at the return date.

This is reinforced by the fact that C.R.S. § 38-12-801(3)(b) was amended *again* during the 2023 Colorado General Assembly Session with new amendments effective *August 7, 2023* that expressly state attorney fees can be awarded only by a Court after a determination of the prevailing party and that the fees are reasonable. If C.R.S. § 38-12-801(3)(b) meant what Plaintiff contends in this lawsuit, the statute would not have to be amended.

Further, Tschetter complied with C.R.S. § 38-12-105(1)(d), which prohibits evictions solely for non-payment of late fees, because Plaintiff's eviction complaint sought to evict for non-payment of rent in addition to non-payment of late fees.

Defendant filed a motion to dismiss raising these arguments pursuant to Fed. R. Civ. P. 12(b)(5), which is pending. (Dkt. 50).

b. Other Parties:

None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Ms. Tina Franklin leased an apartment in 2021 at the Mint Urban Infinity Apartment complex from Glendale Properties I, LLC in Denver, Colorado.

2. According to the terms of the lease, Ms. Franklin was responsible for

monthly rent in the amount of $1,181.00, in addition to utilities.

3. A ledger from Mint Urban Infinity II ("Ledger") states on February 1, 2022, Ms. Franklin owed a balance of $1,306.35. Plaintiff disputes the accuracy of the Ledger.

4. The Ledger shows Ms. Franklin paid $1,000.00 on February 3, 2022, leaving a balance of $306.35.

5. Mint Urban Infinity issued a Denver Demand for Rent or Possession ("Demand") on February 7, 2022, giving Franklin ten days (until February 17, 2022) to pay or surrender possession.

6. The Demand states Ms. Franklin was past due $306.35 of her $1,181.00 in total monthly rent, that a $50.00 late fee would be owed as of February 11, 2022, and attorney fees and court costs of $308.00 would be owed as of the date the landlord files an eviction lawsuit with the court.

7. Ms. Franklin did not pay the past due rent by and was charged the late fee in the amount of $50.00 on February 11, 2022.

8. The Ledger shows a late fee of $50 was applied to Ms. Franklin's account on February 11, 2022 bringing the total amount she owed to $356.35.

9. The Ledger shows that on February 25, 2022, Ms. Franklin paid $356.35.

10. On February 25, 2022, Tschetter caused an eviction lawsuit to be filed against Franklin on behalf of her landlord, Glendale Properties I, LLC, asserting a claim for unlawful detainer and a claim seeking money damages in the Denver County Court in case number 22C52541 ("Complaint").

11. The Complaint asserted the amount due as of the date of the complaint was $664.35 comprised of past due rent in the amount of $306.35, a $50.00 late fee, and $308.00 for

attorney fees and court costs.

12. Tschetter dismissed the eviction against Franklin in March of 2022.

13. On March 1, 2022, the Ledger shows Ms. Franklin was credited $308.00, marked as "Crediting back Legal Fees."

## 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>: Plaintiff seeks certification of a class, actual damages, statutory damages in the amount of $1,000 for the named plaintiff and such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the Defendant, and the costs of the action together with reasonable attorney's fees as determined by the Court.

<u>Defendant</u>: Defendant does not seek damages at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

December 5, 2022 and February 22, 2024.

b. Names of each participant and party he/she represented.

<u>For Plaintiff, Tina Franklin, and the alleged class</u>: Jason Legg, Cadiz Law, LLC, 501 S. Cherry St., Suite 1100, Denver CO 80234, 720-767-2036, jason@cadizlawfirm.com, and Steven Woodrow, Woodrow & Peluso, LLC, 3900 East Mexico Ave., Ste. 300, Denver, CO 80210, 720.213.0675, swoodrow@woodrowpeluso.com.

<u>For Defendant, Tschetter Sulzer, P.C.</u>: Tamara A. Seelman, Rose Zetzman, and John Palmeri Gordon & Rees LLP-Denver, 555 17th Street, Suite 3400, Denver, CO 80202, 303-534-5160, tseelman@grsm.com, rzetzman@grsm.com, and jpalmeri@grsm.com.

    c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made on or before April 8, 2024.

    d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

<u>Plaintiff</u>: None.

<u>Defendant</u>: None

    e.  Statement concerning any agreements to conduct informal discovery:

<u>Plaintiff</u>: The Parties can work together to stipulate to facts or the authenticity of documents as appropriate, and to exchange documents outside of formal discovery. The parties can also agree on a protective order for confidential information and will work to resolve any disputes.

<u>Defendant</u>: Defendant does not agree to conduct informal discovery at this time. Defendant agrees that a protective order is necessary to protect private eviction information of putative class members.

    f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

<u>Plaintiff</u>: The Parties can work together to stipulate to facts or the authenticity of documents as appropriate, and to exchange documents outside of formal discovery. The parties can also agree on a protective order for confidential information and will work to

resolve any disputes. The Parties can also agree to the use of a joint repository for documents as appropriate.

<u>Defendant</u>:   Defendant agrees to the use of a unified exhibit numbering system. Defendant agrees that a protective order is necessary to protect private eviction information of putative class members. Defendant does not agree to the use of a joint repository for documents. Defendant does not agree to conduct informal discovery at this time.

      g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

<u>Plaintiff</u>: At this time the need for ESI should not be overly burdensome. There may be data needed regarding the number and identities of tenants who had Demands for Rent and Possession served and/or eviction actions filed against them that included improper requests for legal fees and late fees. This likely requires querying Defendant's software and databases. The Parties can work to minimize the burden of any necessary ESI, can share such information through secure, cloud-based services, and the parties can also agree on a protective order for confidential information.

<u>Defendant</u>: Because the statute of limitations for a FDCPA claim is one year, Defendant does not believe Plaintiff's claim will involve extensive electronically stored information.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

<u>Plaintiff</u>: Plaintiff believes that the Parties should attend private mediation, which are particularly helpful for resolving consumer class actions. Plaintiff seeks to engage in both informal and formal discovery to obtain the information needed prior to formulating a reasonable demand.

<u>Defendant</u>: Defendant is willing to discuss settlement and consider a mediation.

# 7.
# CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The Parties agree to the presumptive number of depositions (10 per side) and interrogatories (25) contained in Rules 30(a)(2)(A)(i) and 33(a)(1), Fed. R. Civ. P. If additional requests are needed the Parties can request leave from the Court.

b. Limitations which any party proposes on the length of depositions.

The parties agree to a seven-hour limit to the length of depositions. If additional time is needed, the Parties can request leave from the Court.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties agree each side can serve 25 requests for production and 25 requests for admission, save that the Parties request an additional fifteen (15) requests for admission, per side, as to the authenticity of documents.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Discovery should proceed with respect to both class and merits issues for a period of eleven (11) months. The first nine (9) months would focus on fact discovery, and the final two (2) months will focus on any expert discovery. The deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions should precede the end of the pertinent discovery periods by forty-five (45) days. Following this discovery period, the Parties would brief the issue of class certification. The Court would

then hold a subsequent case management conference following a ruling from the Court regarding certification to determine whether any additional merits-based discovery remains necessary and to set a date for dispositive motions, a pre-trial conference, and trial.

  e. Other Planning or Discovery Orders

Discovery will proceed with respect to both class and merits issues for a period of eleven (11) months. The final months should focus on expert discovery. Following this discovery period, the Parties will brief the issue of class certification. The Court will then issue its ruling. After a decision on class certification, the Court will hold a subsequent case management conference to set deadlines for completing any remaining discovery, for filing dispositive motions, and for any pre-trial conference and trial.

### 9.  CASE PLAN AND SCHEDULE

  a. Deadline for Joinder of Parties and Amendment of Pleadings:

<u>Plaintiff</u>: Plaintiff believes that the deadline for amending the pleadings should coincide with the Court's decision on class certification so as to allow for amendments to the class definition as may be necessary. *See e.g. Lavigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ/LF, 2018 WL 2694457, at *9 (D.N.M. June 5, 2018) ("The Court may sua sponte modify a class definition."); *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("district courts have broad discretion to modify class definitions…."); *see also Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750 (7th Cir.

2005) (noting that "[l]itigants and judges regularly modify class definitions"); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("District courts are permitted to limit or modify class definitions to provide the necessary precision."). Plaintiff agrees with a deadline of ninety (90) days after the scheduling conference to otherwise amend the pleadings.  **Court adopts Plaintiff's proposal**

<u>Defendant</u>: Defendant proposes a deadline of forty-five (45) days after the scheduling conference.

    b.    Discovery Cut-off:

Discovery will proceed with respect to both class and merits issues for a period of eleven (11) months. The first nine (9) months will focus on fact discovery, and the final two (2) months will be devoted to any expert discovery. Following this discovery period, the Parties will brief the issue of class certification. The Court will then issue its ruling. After a decision on class certification, the Court will hold a subsequent case management conference to set deadlines for completing any remaining discovery, for filing dispositive motions, and for any pre-trial conference and trial.

    c.    Dispositive Motion Deadline:

After the Court rules on class certification, the Court should hold a subsequent scheduling conference to set deadlines for completing any remaining discovery, for filing dispositive motions, and for any pre-trial conference and trial.  **Motion for class certfication due 4/18/25.**

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

12

Plaintiff: Plaintiff anticipates possibly needing experts concerning: (a) the net worth of the Defendant, (b) Defendant's status as a debt collector and attempts to collect debts, (c) the unlawfulness of Defendant's conduct under Colorado statute, (c) the calculation of actual damages, and (d) any necessary rebuttal experts.

Defendant: Defendant anticipates possibly designating experts in the area of forcible entry and detainer procedures, damages, and potential rebuttal experts.

2. Limitations which the parties propose on the use or number of expert witnesses.

Plaintiff: Plaintiff proposes the number of expert witnesses be limited to 3 experts per party plus a proportionate number of rebuttal experts. **Court adopts Plaintiff's proposal**

Defendant: Defendant proposed the number of expert witnesses be limited to three experts per party inclusive of rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 10, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 14, 2025.

e. Identification of Persons to Be Deposed:

Plaintiff: Plaintiff anticipates needing to depose Defendant's Rule 30(b)(6) designee(s), other employees/lawyers with knowledge of Defendant's practices, and potentially any experts retained by the Defendant.

Defendant: Defendant anticipates deposing the Plaintiff class representative, and any subsequently added class representatives, any members of the class, and Plaintiff's expert witnesses.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

    May 14, 2025, at 9:15 a.m.

b. A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

Plaintiff has requested a jury trial. The Parties agree in anticipating an eight-day trial in the event a class is certified and a three-day trial if a class is not certified.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may only be subsequently altered or amended upon a showing of good cause.

DATED at Denver, Colorado, this 21st day of March, 2024.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Jason Legg*
Jason Legg
CADIZ LAW, LLC
501 S. Cherry St., Ste. 1100
Denver, CO 80246
720-330-2800
Attorney for Plaintiff

*s/ Tamara A Seelman*
Tamara A. Seelman
Gordon Rees Scully Mansukhani LLP
555 Seventeen Street, Suite 3400
Denver, Colorado 80202
303-534-5160
Attorney for Defendant